CLERK'S OFFICE
A TRUE COPY
Jan 08, 2021
s/ DarylOlszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. 21 MJ 12
Information associated with a certain cellular telephone assigned call number 832-740-7744 ("the SUBJECT PHONE") )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- [x] evidence of a crime;
- [ ] contraband, fruits of crime, or other items illegally possessed;
- [ ] property designed for use, intended for use, or used in committing a crime;
- [ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 2113(a), 2113(b), and 2 | See attached affidavit |

The application is based on these facts:

See attached affidavit

- [ ] Continued on the attached sheet.
- [ ] Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

FBI SA Daniel Gartland
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **telephone** *(specify reliable electronic means)*.

Date: January 8, 2021

*Judge's signature*

City and state: Milwaukee, WI.

Honorable William E. Callahan, Jr.
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Daniel Gartland, being first duly sworn on oath, on information and belief state:

## I. INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **832-740-7744** ("the SUBJECT PHONE") that is stored at premises controlled by Sprint, a wireless telephone service provider headquartered at 6480 Sprint Parkway, in Overland Park, Kansas, 66251. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Sprint to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since May 2018. Since October 2018, I have been assigned to the FBI's Milwaukee Area Violent Crimes Task Force. This Task Force is a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies and other violent crime matters, defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have assisted in criminal investigations, participating in analysis of telephone records, surveillance, interviews, and debriefs of arrested

subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

3. Based on the facts set forth in this affidavit, there is probable cause that the cellular device with telephone number **832-740-7744** was involved in the bank burglary and bank theft at BMO Harris Bank, 7501 West North Avenue, Wauwatosa, Wisconsin on January 7, 2021 in violation of Title 18, United States Code, Sections 2113(a), 2113(b), and 2. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

4. This affidavit is based upon my training and experience, my personal knowledge and information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon police reports, surveillance videos, subject interviews, forensic analysis of cellular telephones, open source information, and witness statements that I consider to be reliable as set forth herein.

5. Because this affidavit is submitted for the limited purpose of a obtaining a search warrant, I have not included each and every fact known to me concerning this investigation.

## II. PROBABLE CAUSE

6. On or about November 2, 2020, your affiant learned that the FBI in Texas had identified a large groups of individuals, mostly based out of Houston, Texas, that had been committing bank burglaries and bank thefts across the country. The group's modus operandi included the use of stolen vehicles, generally pickup trucks, configured with hooks and chains to force open bank ATM's and steal money from the safe contained within the ATM. To date, law enforcement in various states are aware of over 800 incidents that have occurred since September

2

24, 2018, involving similar modus operandi, over 500 of the incidents occurred in Houston, Texas, and the surrounding area. I am aware of the following incident in the State and Eastern District of Wisconsin that involves the same or similar modus operandi.

7. On January 7, 2021, at approximately 4:43 a.m., two unidentified male subjects (UNSUBS-W) attempted a burglary of the BMO Harris Bank, 7501 West North Avenue, Wauwatosa, WI, 53213. UNSUBS-W approached the drive-up ATM in a stolen white 1999 Ford F250 truck, bearing Wisconsin registration plate PX9426 (hereinafter, "F250"). The truck was reported stolen from Milwaukee, Wisconsin, on January 7, 2021. Two UNSUBS-W exited the F250 and used tools to pry open the access door to the ATM. UNSUBS-W then hooked chains to the ATM vault. F250 accelerated away from the ATM, which dislodged the ATM vault door. UNSUBS-W removed cassettes from the ATM and fled in the F250 with approximately $8,380.

8. In the Wauwatosa, Wisconsin, incident, the first UNSUB-W (UNSUB #1-W) was observed on surveillance video wearing a dark gray hooded sweatshirt with the hood up, black or gray pants, and dark colored gloves. UNSUB#1-W approached the ATM as the F250 positioned itself perpendicular to the ATM. UNSUB-W (UNSUB #2-W) was observed on surveillance video wearing a dark gray hooded sweatshirt with the hood up, black or gray pants and gray or white gloves. UNSUB #2-W exited the driver seat of the F250 after positioning it perpendicular to the ATM.

9. The Wauwatosa Police Department (WPD) responded to the burglary. At approximately 4:48 a.m., WPD officers pursued the F250, which crashed into a tree at 2238 North 73rd Street, Wauwatosa, approximately two minutes later. Occupants of the vehicle fled on foot, leaving U.S. currency in the vehicle. The driver fled west in the direction back towards the bank. NICOLAS ULLOA of Houston, Texas, (DOB XX/XX/1996) was taken into custody, west of the

location of the F250 crash, between 7501 West North Avenue, the address of the bank, and 7442 Watson Avenue, Wauwatosa, WI, 53213. U.S. currency was recovered near ULLOA'S arrest location. The passenger fled east through the yards of homes on Watson Avenue and evaded WPD officers.

10. A white Chrysler Pacifica (hereinafter, "Pacifica") with unknown rear registration plate and no front plate, was observed on Milwaukee County Transit Authority bus surveillance video traveling in close proximity to the F250 at 4:40 a.m., three minutes prior to the ATM burglary. The Pacifica was observed on WPD squad car video traveling and making turns in conjunction with the F250 during the pursuit. After a pursuit of the Pacifica, which involved speeds in excess of 100 miles per hour, the Pacifica eluded police in the area of North 88th Street and West Burleigh Street in Milwaukee.

11. ULLOA was arrested on November 27, 2019, by the Houston Police Department in relation to the burglary of an ATM in Houston, Texas. The burglary involved a similar modus operandi to the incident in Wauwatosa. ULLOA was released from custody in Houston, Texas, on a $60,000 cash bond at the time of his arrest in Wauwatosa, WI.

12. WPD obtained a warrant in the State of Wisconsin to search the F250. Officers seized a black Samsung Galaxy cellular telephone during the search.

13. WPD obtained a warrant in the State of Wisconsin to search the Samsung Galaxy cellular telephone seized from the F250. A forensic analysis of the cellular telephone revealed the telephone number associated with the device to be **832-740-7744** (hereinafter, "Telephone 7744"). Further analysis revealed a screenshot for the google location information for "ATM (BMO Harris Bank)," including the address 7501 West North Avenue, Wauwatosa, WI, 53213. The phone also contained multiple screenshots of bank ATM google location information in the State of Ohio.

4

14. Call logs obtained from the forensic analysis of Telephone 7744 reveal it called the cellular telephone number 346-616-3354 (hereinafter, "Telephone 3354") at 3:55 a.m. on January 7, 2021. At 3:59 a.m. that same day, Telephone 3354 called Telephone 7744. The duration of the call lasted approximately 22 minutes. The telephones also exchanged calls at 4:22 a.m. and 4:24 a.m. The ATM burglary in Wauwatosa occurred at approximately 4:43 a.m. At 4:54 a.m., Telephone 3354 called Telephone 7744, and the call was listed as a "missed call" on Telephone 7744.

15. The records reflect that Telephone 7744's user, believed to be ULLOA, began using Telephone 7744 on or around December 9, 2020. Since that time, the forensic analysis of Telephone 7744 reflected only three other occasions in which Telephone 7744 engaged in calls between the hours of 2:00 a.m. and 5:00 a.m. On December 14, 2020, and December 19, 2020, between 2:00 a.m. and 5:00 a.m., Telephone 7744 engaged in multiple calls. On January 3, 2021, the day before, Telephone 7744 captured the screenshots of ATM bank locations in Ohio, Telephone 7744 and Telephone 3354 were in contact between 2:00 a.m. and 5:00 a.m. Based on the use of multiple vehicles and multiple actors throughout the incident, investigators believe the telephone activity was reflective of subjects communicating prior to, during, and after bank burglary incidents.

16. Instant messages obtained from forensic analysis of Telephone 7744 reveal it sent three messages to Telephone 3354 on January 4, 2020. The messages contained screen shots of google location information for ATMs located in Columbus, Ohio. Telephone 7744 also sent and received messages from telephone number 832-202-5149 (hereinafter, "Telephone 5149"). In one such message, the user of Telephone 5149 referred to the user of Telephone 7744 as "brother." While in custody at WPD, ULLOA provided Telephone 5149 as belonging to his sister, Lucille

5

Ulloa, which would further reflect ULLOA's use of Telephone 7744. Law enforcement databases identify the user of Telephone 5149 as Lucia Ulloa of Crosby, Texas.

17. Based on the foregoing, I submit that there is probable cause to believe that the records identified in Attachment B, which correspond to telephone number **832-740-7744**, are likely to constitute evidence of the above described incidents. According to law enforcement databases, Sprint was the Provider for this telephone number during the time period at issue.

18. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

19. Based on my training and experience, I know that Sprint can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Sprint typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

20. Based on my training and experience, I know that wireless providers such as Sprint typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Sprint typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users.

## AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

22. I further request that the Court direct Sprint to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Sprint, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **832-740-7744** ("the Account") that are stored at premises controlled by Sprint ("the Provider"), headquartered at 6480 Sprint Parkway, Overland Park, Kansas, 66251.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period from December 1, 2020, through January 7, 2021:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i. Records of user activity for each connection made to or from the Account, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

ii. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as the source and destination telephone numbers, email addresses, and IP addresses); and

iii. All data regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

iv. All historical GPS or other precision location information associated with each Account listed in Attachment A, including Per Call Measurement Data (PCMD), Range to Tower/Real-Time Tool (RTT) data, NELOS records, and Timing Advance Data (TrueCall)).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. §§ 2113(a), 2113(b), and (2), during the period from December 1, 2020, through January 7, 2021.